IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHARLEY HUGHES,**

        **Plaintiff,**

**v.**                         **CASE NO. 12-3250-SAC**

**JAMES HEIMGARTNER, et al.,**

        **Defendants.**

**MEMORANDUM AND ORDER**

Upon screening the original complaint filed herein, the court found several deficiencies and required plaintiff to show cause why the following claims should not be dismissed: (1) his denial of equal protection claim; (2) his RLUIPA claim for damages, with prejudice; (3) his claim for compensatory damages under the Free Exercise Clause due to lack of physical injury; and (4) his claim for punitive damages under the Free Exercise Clause for failure to allege facts in support. Plaintiff filed a Response together with a Motion for Leave to Amend Complaint, which the court granted. Plaintiff was also assessed an initial partial filing fee of $2.00, which he has paid. Accordingly, Mr. Hughes is granted Leave to Proceed without Prepayment of Fees. The matter is before the court upon plaintiff's First

1

Amended Complaint (Doc. 9), which is subject to the same screening process as the original complaint.[1]

Having considered the First Amended Complaint and all materials filed, the court finds as follows. In his Amended Complaint, Mr. Hughes again alleges that defendant Warden Heimgartner and defendant Chaplain Phelan denied his request at the EDCF for Halal meals in segregation. As factual support, he again alleges that on May 7, 2012, he sent a form 9 to the "Chaplain Department" asking "to receive the Halal Meal that Muslims in general population" receive for the "Eid-ul-Fitr Feast," and that the chaplain informed plaintiff that Muslims in segregation do not get the same privileges as Muslims in general population. In Count I of his complaint, he asserts violation of his religious exercise rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §§ 2000cc-1, *et seq.* In Count II, he

---

[1] Because Mr. Hughes is a prisoner, the court is required by statute to screen his Amended Complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The court also accepts all well pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). However, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173 74 (10th Cir. 1997). A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

asserts violation of his right to Due Process under the Fourteenth Amendment. Mr. Hughes seeks injunctive relief in the form of a court order requiring "the prison" to give Muslim inmates in segregation the same meals that Muslims in population receive during the Eid-ul-Fitr. He also seeks punitive damages.

Plaintiff alleges that he has exhausted administrative remedies.

The court finds that plaintiff's claim of denial of due process in his Amended Complaint is conclusory and nothing "more than labels and conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The "supporting facts" set forth by plaintiff under this count are that "they serve Jews and others the Kosher meals during Passover" together with his bald implication that this shows defendants are "motivated by evil motive or intent." Plaintiff does not allege that any particular due process was mandated under the circumstances or describe what element of the requisite due process was denied. Accordingly, plaintiff's claim of denial of due process is dismissed for failure to state facts in support.

The court further finds that plaintiff's claim for punitive damages is not supported by sufficient facts. In its prior screening order, the court explained that punitive damages "are to be awarded only when 'the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless

3

or callous indifference to the federally protected rights of others.'" *Jolivet v. Deland*, 966 F.2d 573, 577 (10th Cir. 1992)(quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)). The court then found that Mr. Hughes had failed to allege any facts that would entitle him to punitive damages. The court specifically noted that Mr. Hughes described no act on the part of either defendant that evinced reckless or callous indifference or evil intent. Plaintiff was warned that unless he alleged additional facts showing a culpable motive on the parts of both defendants, his claim for punitive damages would be dismissed. In his Amended Complaint, plaintiff alleges no facts whatsoever regarding the motive of either defendant under his free exercise of religion count. Under his denial of due process count, he makes the previously-noted, completely conclusory statement that "defendants conduct is motivated by evil motive or intent." The court dismisses plaintiff's claim for compensatory damages for failure to allege any facts whatsoever in support.[2]

---

[2] The court notifies Mr. Hughes that his own allegations and federal court records reflect that he has filed two prior cases in this court that could count as strikes under 28 U.S.C. § 1915(g). Section 1915(g) of 28 U.S.C. provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.* In *Hughes v. Pollet*, Case No. 10-3173-KHV (D.Kan. May 3, 2012), plaintiff filed a complaint for damages asserting cruel and unusual

4

Finally, the court finds that proper processing of plaintiff's claim for injunctive relief against defendants in their official capacities under RLUIPA and against defendants in their individual and official capacities under the Free Exercise Clause cannot be achieved without additional information from appropriate officials of the El Dorado Correctional Facility. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991).

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff's Motion for Leave to Proceed without Prepayment of Fees (Doc. 2) is granted. Plaintiff is hereby assessed the remainder of the $350.00 filing fee to be paid through payments automatically deducted from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2). The Finance Office of the Facility where plaintiff is currently incarcerated is directed by copy of this Order to collect from plaintiff's account and pay to the clerk

---

punishment at the Kansas Juvenile Correctional Complex, which was dismissed for failure to exhaust administrative remedies. It has been held that dismissal of a complaint for failure to exhaust counts as a strike. In *Hughes v. Cawthorn*, Case No. 11-3174-SAC (D.Kan. Nov. 29, 2011), plaintiff filed a complaint for damages. Upon screening, the court entered an Order in which it found that plaintiff's allegations, accepted as true, failed to state a claim. Plaintiff was ordered to show cause why the action should not be dismissed. However, plaintiff failed to respond. It has been held that once a court enters a finding that a complaint fails to state a claim, a subsequent dismissal may count as a strike. If Mr. Hughes acquires three strikes, he will be required to "pay up front for the privilege of filing . . . any additional civil actions," unless he can show "imminent danger of serious physical injury." 28 U.S.C. 1915(g); *Jennings v. Natrona County Detention Center*, 175 F.3d 775, 778 (10th Cir. 1999); *see also Ibrahim v. District of Columbia*, 463 F.3d 3, 6 (D.C. Cir. 2006)("Congress enacted the PLRA primarily to curtail claims brought by prisoners under 42 U.S.C. 1983 and the Federal Tort Claims Act, most of which concern prison conditions and many of which are routinely dismissed as legally frivolous.").

of the court twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until plaintiff's outstanding filing fee obligation has been paid in full.  Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

**IT IS FURTHER ORDERED** that plaintiff's claim of denial of due process and plaintiff's claim for punitive damages are dismissed.

**IT IS FURTHER ORDERED:**

(1) The clerk of the court shall prepare summons and waiver of service forms pursuant to Rule 4(d) of the Federal Rules of Procedure to be served by a United States Marshal or a Deputy Marshal at no cost to plaintiff absent a finding by the court that plaintiff is able to pay such costs.  The report required herein, shall be filed no later than sixty (60) days from the date of this order, and the answer shall be filed within twenty (20) days following the receipt of that report by counsel for defendant.

(2) Officials responsible for the operation of the El Dorado Correctional Facility are directed to undertake a review of the subject matter of the complaint:

6

(a) to ascertain the facts and circumstances;

(b) to consider whether any action can and should be taken by the institution to resolve the subject matter of the complaint;

(C) to determine whether other like complaints, whether pending in this court or elsewhere, are related to this complaint and should be considered together.

(3) Upon completion of the review, a written report shall be compiled which shall be attached to and filed with the defendants' answer or response to the complaint. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any tapes of the incident underlying plaintiff's claims shall also be included.

(4) Authorization is granted to the officials of the Kansas Department of Corrections to interview all witnesses having knowledge of the facts, including the plaintiff.

(5) No answer or motion addressed to the complaint shall be filed until the *Martinez* report requested herein has been prepared.

(6) Discovery by plaintiff shall not commence until plaintiff has received and reviewed defendants' answer or response to the complaint and the report required herein. This

action is exempted from the requirements imposed under F.R.C.P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that the clerk of the court shall enter the Kansas Department of Corrections as an interested party on the docket for the limited purpose of preparing the *Martinez* report ordered herein. Upon the filing of that report, the KDOC may move for termination from this action.

The clerk is directed to send copies of this Order to plaintiff, to defendants, to the Secretary of Corrections, to the Attorney General of the State of Kansas, to the Finance Office of the facility where plaintiff is currently incarcerated, and to the court's finance office.

**IT IS SO ORDERED.**

Dated this 3rd day of April, 2014, at Topeka, Kansas.

                                      **s/Sam A. Crow**
                                      **U.S. Senior District Judge**